IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE MAGEE,                                           No. 3:18-cv-01956-AC

              Plaintiff,                                ORDER

     v.

TRADER JOE'S COMPANY, a
California business corporation,

              Defendant.

HERNÁNDEZ, District Judge:

Magistrate Judge John Acosta issued a Findings and Recommendation on September 1,

2020, in which he recommends that this Court grant in part and deny in part Defendant's motion

for summary judgment. F&R, ECF 43. The matter is now before the Court pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Plaintiff and Defendant filed timely objections to the Magistrate Judge's Findings &

Recommendation. Pl. Obj., ECF 50; Def. Obj., ECF 52. When any party objects to any portion of

1 – ORDER

the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Magistrate Judge concluded in section I(B) of his Findings & Recommendation that Defendant was entitled to summary judgment on several of Plaintiff's claims because she failed to demonstrate a question of fact concerning whether she suffered adverse employment actions. Specifically, Judge Acosta concluded that Plaintiff had raised a question of fact concerning only one of the five adverse employment actions she alleged—being placed involuntarily on unpaid leave in July and August 2017. F&R 23. The Court agrees that Plaintiff raised triable questions of fact concerning this claim. As a result, the Court adopts that portion of the Magistrate Judge's Findings & Recommendation.

Placing Plaintiff on involuntary, unpaid leave was not the only adverse employment action suffered by Plaintiff. The Court finds that Plaintiff has established triable questions of fact based on Defendant's negative employment performance evaluation of Plaintiff and its denial of a pay step increase to Plaintiff in August 2017. The August 2017 performance evaluation was completed sometime during or immediately after Defendant placed Plaintiff on a three-week period of involuntary, unpaid leave, and Defendant did not give a copy of the evaluation to Plaintiff at that time. Although some of the areas in which Defendant determined that Plaintiff did not meet expectations in August 2017 were criticisms of her work that appeared in Plaintiff's prior performance evaluations, she received a lower overall performance rating and denial of a pay increase in August 2017, and the similar earlier evaluations did not result in those consequences. There is also evidence in the record that a human resources employee called

Plaintiff "insubordinate" while she was on unpaid leave because Plaintiff could not work the

cash register. A reasonable juror could infer from those facts and the approximately one-month

time frame in which they occurred that a discriminatory reason more likely motivated Defendant

to take the adverse employment action. *See Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th

Cir. 2003) ("very close" temporal proximity "between an employer's knowledge of protected

activity and an adverse employment action" is sufficient circumstantial evidence of causation);

*Bergene v. Salt River Project Agric. Improvement and Power Dist.*, 272 F.3d 1136, 1142 (9th

Cir. 2001) (supervisor's single comment combined with subjective criteria for evaluating

candidates for a promotion was specific and substantial circumstantial evidence sufficient to

create a question of fact concerning pretext). As a result, the Court declines to adopt the

Magistrate Judge's recommendation to grant Defendant summary judgment on Plaintiff's claims

stemming from the August 2017 negative performance evaluation and denial of a pay step

increase.

The Court has carefully considered both parties' remaining objections and concludes that

there is no basis to modify the remainder of the Findings & Recommendation. The Court has

also reviewed the pertinent portions of the record *de novo* and finds no other error in the

Magistrate Judge's Findings & Recommendation.

///

///

///

///

///

///

3 – ORDER

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Acosta's Findings and Recommendation

[43]. Therefore, Defendant's Motion for Summary Judgment [29] is GRANTED IN PART and

DENIED IN PART.

IT IS SO ORDERED.

DATED: ___April 20, 2021_____ .


_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – ORDER